UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| June Huddleston, | ) | Civil Action No. 4:03-3304-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| Sea Captain's Investors, Inc d/b/a | ) | |
| Sea Captain's House, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an action for personal injuries filed by plaintiff as a result of a stumble and fall which occurred on the defendants' premises. Plaintiff filed her complaint[1] on October 7, 2003, alleging that on October 18, 2001, she was walking through the parking lot to the designated path to the front entrance of defendants' restaurant when she without warning fell over a parking lot barrier. She alleges that the parking lot barrier was unnoticeable and did not contain a warning. She brings her action in negligence alleging that defendants allowed a dangerous condition to exist and failed to take action when they should have known of the dangerous condition.

The defendants filed their answer, the parties engaged in discovery, and the matter is now before the court on defendants motion for summary judgment filed November 8, 2004. A hearing[2]

---

[1] This court has jurisdiction pursuant to 28 U.S.C. §1332.

[2] The parties have consented for the undersigned to conduct all proceedings in accordance with the provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

-1-

was held in this matter on May 19, 2005. Counsel for both parties were present for the hearing.[3]

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

---

[3] Plaintiff's counsel resides and maintains his office in Tennessee and participated in the hearing by telephone.

**Undisputed Facts**

Plaintiff's deposition was taken on October 11, 2004. She testified that she and her husband obtained a vacation home in Myrtle Beach in 1991, and have traveled from Tennessee to Myrtle Beach approximately once a month since that time. Plaintiff's Depo. at p. 8. She testified they traveled to Myrtle Beach on Wednesday, October 17, 2001, and ate dinner at the Sea Captain's House restaurant that night. Plaintiff's Depo. At p. 14. She further testified that they returned to the Sea Captain's House the following day, Wednesday, October 18, 2001, to have lunch, and that she fell and injured herself at approximately 11:20 a.m. while walking across the parking lot. Plaintiff's Dep. at p. 13, 36. She was with her husband who was walking right behind her. Depo. at 22. They parked on the far end of the parking lot. She was being careful because there are cars coming in and out of the parking lot. Depo. at p. 17. There were about 45 ladies in red hats and purple dresses entering the restaurant through the front entrance. Depo. at 17, 20. The weather was clear and sunny. Depo. at 21, 36. She and her husband had eaten at the Sea Captain's House restaurant the month before for lunch and had eaten there on many occasions. Depo. at 24. She was walking along a car between the car and the flower bed as shown in the photographs designated as exhibit one to her deposition. Depo. at 27-28. She had entered the restaurant through this path may times before. Depo. at 32. She stumbled over the right-hand edge of the parking stop located in the front of the handicapped parking space. Depo. at 29-30, 33, 35. There was nothing obstructing her vision of the parking stop, except a car was parked in front of the parking stop. Depo. at 30-31. The car was parked farther to the right, closer to the flower bed as compared to the car depicted in Exhibit C to her deposition. Depo. at p. 31. She had never noticed a parking stop before and does not know whether or not it was yellow. Depo. at p. 31, 32, 35

Dr. Huddleston, plaintiff's husband, also was deposed on October 11, 2004. He testified that he was walking beside or just behind his wife when she fell and that nothing obstructed his vision of the parking stop. Dr. Huddleston Depo. at p. 19.

Philip Rateliff, defendants' 30(b)(6) witness, was deposed on December 14, 2004. Mr. Rateliff testified that the parking lot is resealed and repainted every January, including January 2001. Rateliff Depo. at p. 12. He further testified that the parking stops, the parking lot configuration, and the painting on the parking lot and parking stops have been the same for in excess of twenty (20) years. Rateliff Depo. at 12-15. He testified that the parking stops were painted yellow. Rateliff Depo. at p. 22.

**Law/Analysis**

Under the applicable law of premises liability, defendants are not an insurer of the safety of their customers but owe only a duty of exercising reasonable care to keep the premises in reasonably safe condition. Pennington v. Zayre Corp., 165 S.E.2d 695 (S.C. 1969). Defendants owed plaintiff, an invitee, a duty of due care to discover risks and to take safety precautions to warn of or eliminate unreasonable risks. Shipes v. Piggly Wiggly St. Andrews, Inc., 238 S.E.2d 167 (S.C. 1977). In other words, plaintiff must show negligence on behalf of defendants.

Generally, an owner or occupier of land has no duty to warn of an open an obvious defect. Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 362 (S.C. 1991); Denton v. Winn-Dixie Greenville, Inc., 439 S.E.2d 292, 294 (S.C. 1993). However, a duty to warn does arise when there exists a latent defect. A latent defect is one which an owner has, or should have, knowledge of, and of which an invitee is reasonably unaware. Callander, 406 S.E.2d at 362. It is one which a reasonably careful inspection will not reveal. Id.

South Carolina courts have adopted §343(A) of the Restatement (Second) of Torts which provides:  A possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*.  Id.  As stated in Callander, comment (f) to §343(A) "points out that an owner may be required to warn the invitee, or take other reasonable steps to protect him, if the 'possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it.'"  Id. at 363.

The plaintiff asserts that the alleged defective condition was the parking stop and its location relative to the designated, or configured, walkway.  The parking stop was located at the front of a parking space and was painted yellow in contrast to the black, paved parking lot.  The pictures show a parking stop that is quite visible to a person approaching the restaurant as described by the plaintiff.  It is plaintiff's burden to present facts showing a genuine issue for trial.  Both Mrs. Huddleston and Dr. Huddleston testified at deposition that there was nothing obstructing their view of the parking stop.  Mrs. Huddleston did testify that the automobile parked in the handicapped space on the day of the accident was parked farther to the right than the vehicle depicted in the photograph exhibit.  However, even in the light most favorable to the plaintiff, the undersigned would have to speculate as to how a vehicle could be parked in such a way to obstruct the view of the parking stop and at the same time leaving the parking stop exposed to pedestrian traffic.

As stated in Denton,

> The corral was not materially different from speed bumps, curbing, or concrete dividers at the head of parking spaces – all of which are commonly found in or along public streets and places to park.  Accidents may happen

> around these structures as they do on steps, escalators, and other raised structures. This does not mean they are unreasonably dangerous or that a person exercising due care would not have them on the premises. They are, in fact, common structures that a person taking reasonable care for his own safety would likely expect and see while on the premises.

Denton, 439 S.E.2d at 294.

Defendant, therefore, has brought into question whether there is a genuine issue for trial on a material element of plaintiff's claim. Hence, plaintiff bears the burden of producing specific facts showing a genuine issue for trial.

As stated by defendants' counsel at the hearing, no evidence has been presented indicating the parking lot in general, or the walkway or parking stop in particular, were in violation of any code, rule or regulation. Additionally, there is no expert testimony indicating the configuration or parking stop was defective.

Plaintiff fails to present evidence that a reasonably careful inspection would not reveal the existence of the yellow parking stop. Additionally, Plaintiff has failed to present evidence that defendant should have anticipated plaintiff would stumble over the parking stop despite its open and obvious nature.

From her deposition, Mrs. Huddleston appears to be a very nice, proper and honest lady. She testified that she and her husband were frequent patrons of the Sea Captain's House restaurant, and that she traversed the same path to the entrance of the restaurant on many occasions. The configuration and appearance had not changed in excess of twenty years. No reasonable trier of fact could conclude that the circumstances presented here was not an open and obvious condition or that the circumstances otherwise required defendants to warn the plaintiff of the condition. A merchant is not required to maintain his premises in such condition that no accident could happen to a patron

using the premises.  Garvin v. Bi-Lo, 541 S.E.2d 831, 833 note 1 (S.C. 2001)(citing Denton, 439 S.E.2d at 293).

For the foregoing reasons, defendants' motion for summary judgment (**Document 18**) is **granted** and this case shall be dismissed.  Plaintiff's motion to send this case to mediation (**Document 25**) is **moot**.

May 26, 2005                                              Thomas E. Rogers, III                    
Florence, South Carolina                              Thomas E. Rogers, III
                                                                    United States Magistrate Judge